IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 26, 2018

**STATE OF TENNESSEE v. DARIN PAUL DECKARD**

**Appeal from the Circuit Court for Blount County**
**No. C2312124        Tammy M. Harrington, Judge**

_____

**No. E2017-02467-CCA-R3-CD**

_____

The Defendant, Darin Paul Deckard, appeals the trial court's order requiring him to serve the remainder of his sentence in confinement after the revocation of his probation. Following our review, we affirm the judgment of the trial court in accordance with Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT H. MONTGOMERY, JR., JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal), and Mack Garner, District Public Defender (at hearing), for the appellant, Darin Paul Deckard.

Herbert H. Slatery III, Attorney General and Reporter; Leslie E. Price, Senior Counsel; Mike L. Flynn, District Attorney General; and Tiffany Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

On December 15, 2014, the Defendant was convicted of theft of property valued over $1,000 and sentenced to four years of supervised probation. We glean from the record that this conviction arose from a guilty plea involving other convictions and resulting in an effective six-year sentence. The only judgment form included in the record on appeal is for the theft conviction, and on appeal, the Defendant only challenges the probation revocation as it applies to the four-year sentence for the theft conviction.

On August 15, 2017, a probation violation warrant was issued for the Defendant. The warrant alleged that on August 9, 2017, the Defendant "engaged in assaultive, abusive, threatening, and intimidating behavior" and was arrested for domestic assault. The warrant further alleged that the Defendant tested positive for morphine on December 9, 2016; December 15, 2016; January 6, 2017; and April 28, 2017.

At the probation revocation hearing, Ms. Ashley Watson of the Tennessee Department of Correction testified that she had been supervising the Defendant's probation since September 2016. She explained that after the Defendant failed his drug screens, he was referred to a forensic social worker, who recommended that the Defendant participate in either an inpatient or an outpatient drug treatment program. The Defendant declined treatment and indicated he wanted to participate in a relapse prevention group. He failed to attend two of the relapse prevention classes. He was automatically dismissed from the class after being charged with a subsequent offense.

On cross-examination, Ms. Watson testified that the Defendant attended three out of five relapse prevention classes. She agreed that other than testing positive for drugs, he remained in compliance with the rules. On redirect, Ms. Watson noted that the Defendant had a prior violation on February 18, 2016, for testing positive for methamphetamine, amphetamine, and morphine. She further testified that the Defendant did not show up to his last scheduled meeting with her.

The thirty-six-year-old Defendant stipulated to the four positive drug screens. He testified that he used morphine from his "early or mid[-]twenties" until he was twenty-seven. He remained sober for nearly five years until he stopped attending meetings. He stated that after his first failed drug screen, he was given another chance. He was working as a subcontractor with heat and air and plumbing companies. He remained clean for a couple of months, then started using drugs again. This process repeated until the probation violation warrant was issued. The Defendant explained that he failed to attend his meeting with Ms. Watson because he had started using drugs again and was "afraid of what was going to happen."

After the Defendant was arrested for domestic assault, he made bond and attended a drug and alcohol treatment program at Serenity Center. He remained there for twenty-three days and was arrested for the probation violation six days after returning home. At the time of the sentencing hearing, the Defendant had been in jail for seventy-one days. He explained that he planned to continue treatment with Serenity Center and to continue attending recovery meetings. He stated that his sister had agreed to allow him to live with her and that he could support himself working as a plumber.

On cross-examination, the Defendant testified that he has been convicted of six felonies, including one conviction for forgery committed against his mother. He agreed that his fourteen-year-old daughter was the victim in the domestic assault charge he received while on probation. He acknowledged that his first probation violation was due to failed drug screens, which resulted in his serving forty-five days in jail before being released back on probation. When asked why he did not turn himself in to authorities after an arrest warrant was issued, he explained, "There were things I wanted to take care of before I came to jail." He agreed that after making bond on the domestic assault charge, he was charged with failure to appear.

The trial court revoked the Defendant's probation on the ground that the Defendant materially violated his probation by testing positive on four separate drug screens, to which the Defendant stipulated. The trial court noted its concern about the Defendant's continued drug use despite intervention and his failure to turn himself in to the authorities both before and after he attended treatment at Serenity Center. The court specifically noted that the Defendant was given many opportunities for treatment within a short period of time and that the Defendant failed to take advantage of them. The trial court concluded that the Defendant was not amenable to treatment and intervention and ordered him to serve the remainder of his sentence in confinement. The Defendant timely appeals.

## ANALYSIS

On appeal, the Defendant acknowledges the basis of the revocation but argues that he should not have been ordered to confinement for the remainder of his sentence. He asserts that his acknowledgement of his drug problem, initiative to seek treatment, and willingness to cooperate with additional treatment and supervision make him amenable to further drug treatment.

We review a trial court's decision to revoke probation under an abuse of discretion standard. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). A trial court abuses its discretion when it "applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The trial court is authorized to order the incarceration of a defendant for the entire term of the sentence when the defendant's probation has been revoked. T.C.A. §§ 40-35-310(a), 40-35-311(e)(1)(A). "'[A]n accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing.'" *State v. Gregory Lamar Gillespie, Jr.*, No. E2016-01970-CCA-R3-CD, 2017 WL 6027817, at *4 (Tenn. Crim. App. Dec. 5, 2017) (quoting *State v. Jeffrey A. Warfield*, No. 01C01-

- 3 -

9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999)), *no perm. app. filed*.

Here, the Defendant had previously violated his probation on the basis of failed drug screens. He admitted to consistently using drugs even while seeking intervention. The trial court was particularly troubled by the Defendant's continued drug use despite many opportunities for treatment and by the Defendant's failure to turn himself in to the authorities. We discern no abuse of discretion in the trial court's ordering the Defendant to serve the remainder of his sentence in confinement. He is accordingly not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action is taken in a proceeding without a jury, such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE